**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE LUIS URIOSTEGUI-MANJARREZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-5621 <br><br> Agency No. <br> A099-542-264 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of an
Immigration Judge

Submitted March 17, 2025[**]

Before: CANBY, R. NELSON, and FORREST, Circuit Judges.

Jose Luis Uriostegui-Manjarrez, a native and citizen of Mexico, petitions pro se for review of an immigration judge's order affirming an asylum officer's negative reasonable fear determination. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's reasonable fear

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination. *Orozco Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). We deny the petition for review.

Substantial evidence supports the agency's determination that Uriostegui-Manjarrez failed to show a reasonable possibility that the harm he suffered or fears was or would be on account of a protected ground. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) (no basis for withholding of removal where petitioner did not show a nexus to a protected ground).

Substantial evidence also supports the agency's determination that Uriostegui-Manjarrez failed to show a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to Mexico. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836-37 (9th Cir. 2016) (petitioner failed to demonstrate government acquiescence sufficient to establish a reasonable possibility of future torture).

Uriostegui-Manjarrez's due process claim fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.")

The temporary stay of removal remains in place until the mandate issues. The motion to stay removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**